ALLEN R. SHEFFER *v.* B. B. PERKINS & COMPANY.

November Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 19, 1910.

*Dismissal and Nonsuit—Retraxit—Power of Attorney to Enter —Judgment—Res Judicata—Equitable Suit as Bar to Legal Action.*

A retraxit differs from a discontinuance or nonsuit, as by a retraxit a plaintiff irrevocably renounces his right of action, and it must always be entered in person.

An attorney has no authority to enter a retraxit for his client.

A suit in equity enjoining the prosecution of a pending action at law by defendant against the orator on certain promissory notes, and praying that they be decreed void and ordered surrendered because without consideration, and wherein there was a decree on the merits dismissing the bill, was not rendered *res adjudicata* of defendant's claim on the notes, nor an estoppel from his further maintaining an action thereon, merely because he failed to file a cross-bill and thereby recover on the notes.

GENERAL ASSUMPSIT. Pleas, the general issue, and two special pleas in bar. Heard on general demurrer to the two special pleas at the March Term, 1909, Franklin County, *Miles,* J., presiding. Demurrer sustained, and pleas adjudged insufficient. The defendant excepted. The opinion states the case.

*Lee S. Tillotson* for the defendant.

Defendant's special pleas show a good defence in that they allege a *retraxit* by plaintiff as to the first three notes relied upon. *Small* v. *Leonard et al.,* 26 Vt. 209; *Thomason* v. *Odum,* 68 Am. Dec. 159.

Defendant's second plea shows that the suit in equity fully adjudicated the subject-matter of this suit; because the plaintiff herein could have filed a cross-bill in that suit and thereby have recovered on these notes. In *Parkhurst* v. *Sumner,* 23 Vt. 538, it was said: "It is a universal rule in regard to judgments, that all matters which might have been urged by the party before the adjudication are concluded by the judgment, as to the principal parties, and all privies in interest or estate." *Hodges* v. *Eddy,* 52 Vt. 434; *Railroad Co.* v. *Willard,* 61 Vt. 134; *Jordan* v. *Van Epps,* 85 N. Y. 427; *Tillison* v. *Tillison,* 63 Vt. 411; *Sharon* v. *Terry,* 1 L. R. A. 572; *Bollong* v. *Schuyler Nat. Bank,* 3 L. R. A. 142; *Wiese* v. *San Francisco etc. Society,* 7 L. R. A. 577; *Morrill* v. *Morrill,* 11 L. R. A. 155; *Gordon* v. *Ware Nat. Bank,* 67 L. R. A. 550; *Bigelow* v. *Winsor,* 1 Gray 299; *Cromwell* v. *Sac. County,* 94 U. S. 351.

*E. A. Ashland* for the plaintiff.

The plea in question shows no *retraxit,* for that can never be entered by attorney, but only in person. *Must* v. *Farmers' Bank,* 27 Grat. 252; *Lowry* v. *McMillan,* 49 Am. Dec. 501; 5 Am. Dig. §168; *Hallack* v. *Loft,* 34 Pac. 568; *Lambert* v. *Sandford,* 2 Blackf. 137; *Gorham* v. *Gale,* 7 Cow. 739.

HASELTON, J. The action is general assumpsit. In county court the plaintiff sought to recover upon six promissory notes. The defendant pleaded the general issue, and filed two special pleas. To the special pleas the plaintiff demurred generally.

The demurrer was sustained, the special pleas were adjudged insufficient, the defendant excepted, and the case was passed to this Court before trial.

The first special plea sets out that the plaintiff brought a suit before a justice to recover on three of the notes in question, and that after the suit had been continued from time to time the plaintiff "by his attorney," named in the plea, "confessed that he would not further prosecute his said suit before said justice of the peace against said defendant, but from the same altogether withdrew himself and then and there discharged the said defendant from all liability to said plaintiff in said justice suit." It is claimed by the defendant that this plea sets up a *retraxit*.

The second plea sets up a distinct ground of defence which will be considered, and also alleges what has been recited with regard to the suit before the justice, and that the plaintiff, "by his attorney," on a day to which the suit had been continued "confessed that he would not further prosecute his said suit before said justice of the peace against this defendant but from the same altogether withdrew himself." The same second plea contains the allegation that on a day named "the plaintiff did not further prosecute his said justice action against this defendant but from the same altogether withdrew himself." From the prior allegations of this plea, just recited, it is to be taken that the pleader here alleges that the course taken was by attorney.

A *retraxit* is quite different from a discontinuance or a nonsuit. By it a plaintiff renounces his right of action and his renunciation is irrevocable. Hence, an attorney has no authority to enter a *retraxit* for his client. This was resolved in *Beecher's Case,* 8 Coke 58a. In 3 Salk 245, the observations of the reporter are, in substance, that a *retraxit* must be always in person, and that an attorney cannot enter a *retraxit*. A *retraxit* may be entered by a plaintiff or a defendant, and the whole learning of the subject is condensed by Lilly when he says: "A *retraxit* is where the party, plaintiff or defendant, comes into court in proper person where his cause is depending, and says, that he will not proceed any further in his cause. Now this is a bar to the action forever." 2 Pract. Reg. 582.

Chitty shows how a *retraxit* should be pleaded and gives this form: "The said A. B. came into the said court in his own

proper person and confessed that he would not further prosecute his suit against the said C. D. but from the same altogether withdrew himself." 3 Chitty Pl. 477.

The reason of the law is found in the limitations upon the power of an attorney in respect to the cause of his client. *Granger* v. *Batchelder,* 54 Vt. 248, 41 Am. Rep. 846; *Carter* v. *Talcott,* 10 Vt. 471; *Penniman* v. *Patchin,* 5 Vt. 346.

In *Vail* v. *Conant,* 15 Vt. 314, there is a discussion of the authority of an attorney respecting his client's cause and the breadth of that authority is fully recognized, but in the course of the discussion it is said, in approval of a New York case, that he cannot enter a *retraxit.*

The facts further set forth, as matter of defence, in the defendant's second plea are these. After the plaintiff had instituted the suit returnable before a justice, and before referred to, the defendant brought a bill in chancery against the plaintiff and his attorney in which he alleged that the notes now sued on were without consideration and void, and that the plaintiff so knew, and that the plaintiff was endeavoring to cheat and defraud the defendant. In the bill in chancery the defendant here prayed that the notes in question might be declared to be without consideration and void, and that their surrender to the defendant might be decreed. In the bill the defendant here prayed for and was granted an injunction restraining this plaintiff and his attorney from prosecuting his suit before the justice, pending the chancery case. In the chancery case a decree on the merits was rendered dismissing the bill. The plea avers that the plaintiff might have filed a cross-bill in the chancery suit and therein have recovered upon the notes in question, but that he did not file such cross-bill and did not therein seek affirmative relief.

It is urged in argument that on these facts the subject-matter of this suit is *res judicata,* that the plaintiff might have filed a cross-bill in chancery and recovered on his notes in the proceedings there, and that since he filed no cross-bill he is now estopped from maintaining this suit. But the suit in chancery having been brought to prevent the plaintiff from proceeding at law, and having failed, the defendant cannot be heard to say that, nevertheless, the plaintiff cannot proceed at law. To hold otherwise would be to enable a defendant, at his will, in

any case, or, at least, in any similar case, to draw the subject-matter of litigation into a court of equity. Lord Bacon, in words which Justice Story placed upon the title page of his work on Equity Jurisprudence, said: "Chancery is ordained to supply the law, not to subvert the law." To maintain the defendant's contention would be a subversion and denial of the plaintiff's legal rights. *Sprague* v. *Waldo*, 38 Vt. 139.

The principle that he who invokes the aid of the court of chancery shall not be heard to deny its jurisdiction obviously has no application here. If it is assumed that the plaintiff might have availed himself of a cross-bill, the defendant cannot complain because the plaintiff did not seek that relief but stood on his right to prosecute his suit at law. *Reynolds* v. *Reynolds*, 74 Vt. 463, 52 Atl. 1036.

Neither the second special plea nor the first was a bar to the plaintiff's action.

*Judgment affirmed and cause remanded.*