[Civil No. 1308.   Filed October 2, 1913.]

[135 Pac. 717.]

JOSEPH R. COATES, Appellant, v. SANTA FE, PRESCOTT & PHOENIX RAILWAY COMPANY, a Corporation, Appellee.

1. DISMISSAL AND NONSUIT—ATTORNEY AND CLIENT—"RETRAXIT."—A *"retraxit"* is where plaintiff or defendant comes into court where his case is pending, in proper person, and says he will not proceed any further therein. It cannot be entered by an attorney of the party pursuant to his general authority, without the party's knowledge or consent.

2. JUDGMENT—DISMISSAL OF ACTION—AUTHORITY.—Defendant having pleaded releases in bar, plaintiff's attorney confessed the plea, whereupon the court ordered that the cause be and the same was dismissed with prejudice; plaintiff to pay costs. *Held*, that such dismissal was on the pleadings, constituting a final determination and not by the consent of plaintiff's attorney, and was therefore not objectionable because the latter had no authority to consent to a dismissal on a compromise or settlement.

   [As to implied authority of attorney in conducting litigation, see note in 132 Am. St. Rep. 148. As to extent to which client may control cause, see note in 93 Am. St. Rep. 169.]

3. JUDGMENT—DISMISSAL.—CONCLUSIVENESS.—A judgment of dismissal, unless made because of some defect in the pleadings or for want of jurisdiction or because complainant has an adequate remedy at law or on some other ground which does not go to the merits, is a final determination, and where words of qualification, such as "without prejudice," etc., do not accompany the judgment, it will be presumed that it was rendered on the merits.

4. JUDGMENT—VACATION—FRAUD OF ATTORNEY—ATTACK—LIMITATIONS. Plaintiff could not avoid a prior final judgment of dismissal, in an action on the same cause, because of the alleged fraud of his attorney in consenting thereto, where a new action was not brought within a year after discovering the fraud, as required by Laws of 1903, No. 16, section 1, subdivision 5.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Carl G. Krook, Judge. Affirmed.

The facts are stated in the opinion.

Mr. A. L. Hammond, for Appellant.

Mr. Paul Burks and Mr. U. T. Clotfelter, for Appellee.

ROSS, J.—Appellant's action is for damages for personal injuries alleged to have been sustained by him on July 31, 1910, while in the employment of appellee as a brakeman. This action is the second action instituted in the same court, between the same parties, upon the same cause of action. The first suit was begun on October 14, 1910. To the first suit the defendant (appellee) pleaded in bar that plaintiff (appellant) had, for a good and valuable consideration, acknowledged full satisfaction of any cause of action that he had against the appellant and, as evidence of release and satisfaction, attached to the plea two receipts or written agreements dated, respectively, August 24, 1910, and August 25, 1910. Thereafter, on March 13, 1911, the court made and entered the following order: "This cause coming on to be heard upon defendant's plea in bar, R. P. Talbot appearing for plaintiff, Paul Burks appearing for defendant, and plaintiff confessing the plea in bar and consenting thereto, it was ordered that this cause be and. the same is hereby dismissed with prejudice; plaintiff to pay all costs."

The appellant, disregarding the first action and the proceedings and judgment therein, on July 31, 1911, commenced

the second or present action based on the same facts as was the first action. To this last action the appellee (defendant) pleaded the judgment in the first action as a bar. On November 18, 1912, appellant in a replication, among other things, states: "That on the —— day of ————, 1910, he caused suit to be instituted against the said defendant in the district court of said county, based upon the same subject matter as contained in the complaint filed herein. That on, to wit, the ninth day of March, 1911, said cause was dismissed. That an order, as alleged in said defendant's answer, was entered in the books of the clerk of said court. That not until, to wit, July 25, 1911, did plaintiff possess any knowledge or was in any manner advised that said cause had been dismissed. That he was continuously advised by his attorney in said cause that the same was good, meritorious, and worthy of adjudication. That he had been to and was continuously put to large expense in preparing for the trial of said cause and was at said last-mentioned date, and for a long time prior thereto, expecting to be notified by his said attorney that said cause was set for trial at a date certain. Plaintiff further alleges that the act of his said attorney in dismissing his said cause as aforesaid consisted of fraud, deceit, and collusion and corrupt practice against the just rights of plaintiff and in absolute disregard of his instructions to his said attorney, and his said attorney had no authority so to do."

Appellee filed objections to the reply in this: That it failed to state facts sufficient to constitute a defense to the plea in bar and was barred by the statute of limitations. Upon the pleadings the court sustained appellee's plea in bar and dismissed the action. The appeal is from the order of dismissal.

It is the contention of appellant that the order of dismissal in the first action is in the nature of the common-law judgment of *retraxit,* but that it lacks one of the elements of a judgment of *retraxit,* to wit, the consent or knowledge of the appellant. " 'A *retraxit* is where the party, plaintiff or defendant, comes into court in proper person where his cause is depending and says that he will not proceed any further in his cause. Now, this is a bar to the action forever.' 2 Practical Reg. C. P. 582." *Sheffer* v. *Perkins,* 83 Vt. 185, 25 L. R. A., N. S., 1313, 1315, 75 Atl. 6.

The law is well settled, and all the cases agree, that an attorney has no authority to enter a *retraxit*. It is also plain that the attorney did not attempt, on his own account, to renounce or abandon appellant's cause of action. If the order of dismissal in the first case was founded solely upon a surrender and renunciation of appellant's right of action by the attorney, it was entered without any authority and would be no bar to the second action. *Hallack* v. *Loft*, 19 Colo. 74, 34 Pac. 568. But, while the attorney confessed the plea in bar and consented to the dismissal of the case, the judgment or order of the court is based upon the pleadings. It recites, "This cause coming on to be heard upon defendant's plea in bar," etc.

While the confession and consent of attorney may have relieved the court from a thorough and searching investigation of the pleadings to determine the issue, it cannot be truthfully said that the judgment resulted from such admission. The appellee had pleaded two releases executed by appellant, and they were before the court, and the court might have found, without any admission of attorney and even against his protest, that the releases were a full and complete satisfaction of any claim of damages by the appellant. There was no renunciation by the attorney of his client's right of action but upon a consent induced by releases or acknowledgments of satisfaction executed by appellant himself, the effect of which the court determined. It will be observed that the action was not dismissed on any compromise or settlement made or attempted to be made by the attorney, as in the *Hallack* v. *Loft* case, *supra*.

A decree of dismissal, "unless made because of some defect in the pleadings, or for want of jurisdiction, or because the complainant has an adequate remedy at law, or upon some other ground which does not go to the merits, is a final determination. Where words of qualification, such as 'without prejudice,' or other terms indicating a right or privilege to take further legal proceedings on the subject, do not accompany the decree, it is presumed to be rendered on the merits." *Durant* v. *Essex Co.*, 7 Wall. 107, 19 L. Ed. 154. The same rule applies to common-law judgments. *Durant* v. *Essex Co.*, 8 Allen (Mass.), 103, 85 Am. Dec. 689, note.

In *Carroll* v. *Patrick,* 23 Neb. 834, 843, 37 N. W. 671, 675, the court, in holding that a judgment dismissing the case upon the pleadings was a judgment upon the merits, said: "It was equivalent to a finding by the court that, upon the issues made by the pleadings, the plaintiffs were not entitled to the relief prayed for. That such a decree, unless reversed on appeal, is final, there is no doubt."

Appellant tries to avoid the finality and binding effect of the judgment of dismissal in his replication by charging his attorney with fraud in consenting to such judgment. Aside from the question as to whether he may thus collaterally attack the judgment for fraud, it appears from his own admission that he learned that his first action was dismissed on July 25, 1911. No effort on his part to have said order of dismissal set aside or held for naught on account of fraud was made until the filing of his reply on November 18, 1912, almost a year and four months after the discovery of the alleged fraud. Subdivision 5, section 1, Act No. 16, Laws of 1903, provides that an action for relief on the ground of fraud or mistake must be commenced by the aggrieved party within one year after the discovery of the facts constituting the fraud or mistake. Granting that the replication alleging fraud was equivalent to the commencement of an action, it was filed more than one year after the discovery of the alleged fraud and at a time when his right of action on that account was barred.

The judgment of the trial court is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—On the question of the right of an attorney to enter *retraxit,* see note in 25 L. R. A., N. S., 1313.