[Civil No. 2490.  Filed May 23, 1927.]

[256 Pac. 365.]

LILLIAN S. HOWELL, Administratrix of the Estate of E. P. HOWELL, Deceased, and LILLIAN S. HOWELL, Appellants, v. JULIUS WETZLER, Appellee.

Mr. W. E. Ferguson, for Appellants.

Messrs. Sapp & McLaughlin and Mr. C. B. Wilson, for Appellee.

GREEN, Superior Court Judge.—An instrument in writing was effected of date November 3, 1921, by appellee, Wetzler, and appellant E. P. Howell, which the learned trial judge found to be a mortgage for the sum of $100,000, to be paid by Howell to Wetzler, secured by real and personal property therein described. All parties to the action so treated it, and the court—expressing a doubt as to the correctness of this interpretation—nevertheless, and we think, very properly, under the circumstances shown of record, followed the interpretation of the litigants and decided the case on that theory.

The judgment was that the mortgage be foreclosed, and the defendants Howell and wife have appealed.

It is assigned as error that the judgment rendered is conditional, and that the evidence does not support the findings.

The court found that the plaintiff, Wetzler, had sold to one Lowenstein a large part of the real estate covered by the mortgage, and that a deed has issued to Lowenstein therefor. As the contract of mortgage valued all the real estate at $50,000, and the testimony showed that the real estate unsold by Wetzler was worth $9,000, the court found that the real estate sold was worth the difference between $50,000 and $9,000, or $41,000.

It was adjudged that all the property be sold under foreclosure, provided that if within thirty days after the foreclosure sale the plaintiff should

present to the clerk and the sheriff of Apache county an order, stating that, in the opinion of the superior court of said Apache county, the purchaser at the foreclosure sale of the lands known in this proceeding as the Santa Fé lands had received a title thereto, through and by virtue of said foreclosure sale, as good in all respects as that which plaintiff had agreed to deliver to defendants according to the terms of the contract of mortgage, upon payment of said mortgage by defendants, then a credit of said $41,000 shall not be allowed upon the judgment. That is to say, defendants would be charged with this additional sum of $41,000 if the superior court of Apache county, within thirty days after the sale, should determine that the purchaser had gotten title to the land theretofore sold by Wetzler to Lowenstein. If the court had followed the original opinion, in which it declared that, "unless plaintiff can so arrange matters that the real estate known as the Santa Fe lands and sold to Mr. J. Lowenstein, can be sold at foreclosure sale with as clear a title as plaintiff agreed to deliver to defendants upon the payment of the mortgage, defendants will be entitled to the additional credit of $41,000 on the total indebtedness," an entirely different question would have been presented.

The judgment, as finally entered, was conditioned upon the facts to be ascertained and certified by the court after execution sale. In other words, the judgment, instead of controlling the execution, was itself to be made up after and upon the results of the execution sale. This, even if legal, in the circumstances of the case would be unjust, since the execution creditor had beclouded the title to the mortgaged realty by an unauthorized conveyance thereof, making it very improbable that anyone would bid for land thus encumbered at an execution sale.

It is certainly not consonant with law or equity to condemn the defendants in the contingency provided for in the judgment to pay the sum of $41,000 to redeem from the sale of lands for which the execution purchaser might not have paid a dollar.

Under our law a mortgage is only a lien on the property mortgaged. The title remains in the mortgagor, and upon default the remedy is foreclosure and sale under special execution. However, in this case appellant Howell had conveyed the realty, by deeds absolute on their face, to appellee, and although, as between them these deeds were a mortgage, appellee having the record title could convey to a purchaser for value and without notice a good title, free from the secret mortgage. That may be the situation here, and if so, Howell was entitled to a credit upon his debt to the value of the land sold at the time of the sale or to a credit of $41,000, which the court found he had received from the land. Should the facts develop that Lowenstein was an innocent purchaser of the land, and the purchase price or the value of the land should be credited upon Howell's debt, it is quite clear that he would have paid upon his indebtedness not only the interest, taxes and the upkeep charges, but also a large part of the original debt. In such circumstances, the breach of the contract, which the court found hastened the maturity of the debt and authorized the institution of the suit, would be unsupported by, and contrary to the evidence.

The superior court found the credit of $41,000 upon the basis stated. Appellee did not appeal, and, the judgment being favorable to him, need not have appealed, and in consequence could not cross-assign error against the judgment.

We are not unmindful of our duty to shorten litigation, where equity and justice can be subserved thereby, nor of our power to confine a new trial to

the real contested issues of fact and law. Enough has been said in this opinion to indicate what is past question—that the transaction was a mortgage and was so considered; but as to the remaining matters we feel we are not authorized to do anything more than to remand the case for a new trial.

The judgment is reversed and the case remanded for a new trial.

ROSS, C. J., and McALISTER, J., concur.

NOTE.—Honorable ALFRED C. LOCKWOOD being disqualified in this case, the Honorable E. L. GREEN, Judge of the Superior Court of Pinal County, was called in to sit in his place and stead.