[Civil No. 2918. Filed December 30, 1930.]

[294 Pac. 611.]

JULIUS WETZLER, EVELYN S. WETZLER, His Wife, SIDNEY WETZLER, J. W. MOW and NELLIE K. MOW, His Wife, Appellants, v. LILLIAN S. HOWELL, as Administratrix of the Estate of E. P. HOWELL, Deceased, and LILLIAN S. HOWELL, Appellees.

Mr. Sidney Sapp, Messrs. Struckmeyer & Jennings, and Mr. T. E. Scarborough, for Appellants.

Mr. W. E. Ferguson, for Appellees.

PRESCOTT, Superior Judge.—This is an appeal from an order sustaining plaintiff's plea in bar to the cross-complaint of Julius Wetzler, and from a judgment to quiet title in plaintiffs and against the defendants to certain lands in Apache county, Arizona.

The complaint sets out two causes of action, one in ejectment and the other to quiet title; both actions involve the same property; the action in ejectment was dismissed before trial, the plaintiffs elected to go to trial upon their action to quiet title, alleging that they were the owners in fee of the lands in question; that the defendants claim title as mortgagees under an equitable mortgage which previously had been foreclosed in an action brought in the superior court of Apache county, wherein the defendant and cross-complainant herein, Julius Wetzler, was plaintiff, and the plaintiffs herein were defendants, being known as cause No. 540 of the records of that court; that the sheriff sold all the property under the mortgage and judgment or decree of foreclosure, and Julius Wetzler was the purchaser thereof; that the defendants, Sidney Wetzler and Evelyn S. Wetzler, J. W. Mow and Nellie K. Mow, his wife, were privy in title and claiming under Julius Wetzler; that subsequent thereto this court reversed the judgment in cause No. 540, and remanded the case to the trial court for further proceedings and a new trial, and thereafter, the cause coming on regularly for trial, Julius Wetzler as plaintiff voluntarily dismissed his suit to foreclose this mortgage without reserving any provision in such dismissal that the same was without prejudice.

To which the defendants filed an amended answer, alleging that they were the owners in fee simple of the lands under and by virtue of the judgment of foreclosure and sheriff's sale aforesaid, and that the lands involved in this action had been deeded by Julius Wetzler to Sidney Wetzler and J. W. Mow, and that they, Sidney Wetzler and J. W. Mow, were the owners of same in fee simple. Julius Wetzler as cross-complainant also filed his cross-complaint, seeking to foreclose, as mortgagee, the same equitable mortgage against the plaintiffs as cross-defendants and mortgagors on the lands described in plaintiffs' complaint to quiet title, as also on the cattle covered by the mortgage, being same mortgage he had previously foreclosed in cause No. 540 and thereafter voluntarily dismissed his complaint in foreclosure.

To this cross-complaint, plaintiffs filed a plea in bar and answer, the plea in bar alleging that the equitable mortgage sought to be foreclosed by cross-complainant, Julius Wetzler, in the present action, was the same equitable mortgage sought to be foreclosed in said cause No. 540, wherein a decree of foreclosure was formerly entered in December, 1924, and after appeal to this court was reversed and remanded for a new trial; that thereafter the plaintiff in that action, Julius Wetzler, defendant and cross-complainant in this action, made and caused to be entered by the court a judgment of dismissal of said cause without reserving the right to maintain a further action for the foreclosure of the equitable mortgage; that he did not, by said judgment of dismissal voluntarily entered by him, cause the record to show that the said dismissal was without prejudice; that, under said former action No. 540 and the judgment thereon, J. W. Wetzler wrongfully caused cattle belonging to the cross-defendants of the value of $100,000 to be sold, and has never offered to return any of the property so wrongfully sold by him nor to

account to cross-defendants for the proceeds thereof, and has wrongfully obtained possession of the property; that Julius Wetzler dissipated, destroyed and disposed of all of the assets of the cross-defendants under the equitable mortgage, and, by reason of his negligence, carelessness and neglect, many of the cattle died and were totally lost to cross-defendants; that he sold the land described in plaintiffs' complaint, to quiet title, to one Jacob Lowenstein, or directed a deed to be issued by the Santa Fe Pacific Railway Company from whom it was being purchased on conditional sales contract to Lowenstein; that said conveyance was made to secure Lowenstein for money loaned Julius Wetzler; that thereafter, and subsequent to the decision of this court remanding the action for further proceedings and new trial, as aforesaid, in cause No. 540 (No. 2490 of this court and reported in 32 Ariz. 130, 256 Pac. 365), Julius Wetzler caused the land to be conveyed from Lowenstein to Sidney Wetzler, his son, defendant herein; that said conveyance was fraudulent and made to defeat the rights of the cross-defendants; that, since the said attempted conveyances, Julius Wetzler has managed and controlled the real estate as his own; that the contract forming a part of the equitable mortgage, together with the deed attached and assignment of contract from cross-defendants to Julius Wetzler to the so-called Santa Fe lands, were all recorded prior to the deed from the Santa Fe Railway Company to Lowenstein, or from Lowenstein to Sidney Wetzler; and praying that the cross-complainant, Julius Wetzler, and the others claiming by or through him, be forever barred.

No reply or other pleading was filed by cross-complainant or any of the defendants to this plea in bar.

It is from the order of the trial court sustaining cross-defendants' plea in bar to the cross-complaint

of Julius Wetzler seeking to foreclose the same equitable mortgage which this court remanded for further proceedings and a new trial to the superior court of Apache county, and afterwards, upon coming on for trial, the plaintiff, Julius Wetzler, defendant and cross-complainant herein, ·by his counsel, voluntarily dismissed in open court, that the defendants and cross-complainant appeal.

Defendants and cross-complainant have assigned as error that the trial court erred in sustaining appellees' (plaintiffs') plea in bar to appellant's (Julius Wetzler's) cross-complaint without first receiving evidence in support of the plea in bar; in holding that appellant's failure to reserve the right to further prosecute his case was a bar to the cross-complaint in this action; in holding that a voluntary dismissal of appellant's action without a trial upon the merits was a bar to further maintenance of any action for the same cause; in awarding judgment against appellants, quieting title to the lands described in appellees' complaint, and in awarding judgment against appellants, quieting title to the lands in appellees' com·· plaint described, to determining the equities between appellées and appellants; and state in their brief that "the primary and controlling question presented upon this appeal is whether or not a voluntary dismissal of an action, without a trial upon the ̆merits, is a bar to the maintenance of another action for the same cause," citing Corpus Juris, paragraph 1204, page 786, and cases thereunder, to the effect that: "A voluntary discontinuance of a cause by plaintiff, or a dismissal of the action on his motion, does not as a rule amount to a judgment on the merits and therefore will not bar a new action on the same subject matter," and assert the rule as .to whether a judgment is *res adjudicata* or not is, as stated in *United States* v. *California Bridge & Construction Co.*, 245 U. S. 337, 62 L. Ed. 332, 38 Sup. Ct. Rep. 91,

quoted with approval by this court in *Navajo-Apache Bank etc. Co.* v. *Desmont*, 19 Ariz. 335, 170 Pac. 798, 799: "The doctrine of estoppel by judgment, or *res judicata*, as a practical matter proceeds upon the principle that one person shall not a second time litigate, with the same person or with another, so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit," and concludes, therefore, that the judgment to be *res judicata*, the case must have been necessarily tried and finally determined upon its merits, presumably at least that evidence must be introduced, oral or documentary, or both, and a complete trial had of the facts by court, or jury and court, to meet the requirements of this rule. We do not so construe the decisions of these courts.

Courts are agreed that, unless a voluntary dismissal is made upon the merits, it does not, as a rule, bar a new action on the same subject matter. The weight of authority in the more recent decisions, where there is an absence of statutory provision or rule of court expressly governing the question, is as stated by this court in *Coates* v. *Santa Fe etc. Ry. Co.*, 15 Ariz. 25, 135 Pac. 717, 718, quoting from *Durant* v. *Essex Co.*, 7 Wall. 107, 19 L. Ed. 154:

"A decree of dismissal, 'unless made because of some defect in the pleadings, or for want of jurisdiction, or because the complainant has an adequate remedy at law, or upon some other ground which does not go to the merits, is a final determination. Where words of qualification, such as "without prejudice," or other terms indicating a right or privilege to take further legal proceedings on the subject, do not accompany the decree, it is presumed to be rendered on the merits.'"

In *Carroll* v. *Patrick,* 23 Neb. 834, 37 N. W. 671, also quoted by this court in *Coates* v. *Santa Fe etc. Ry. Co., supra,* the court, in holding that a judgment dismissing a case upon the pleadings was a judgment upon the merits, said:

"It was equivalent to a finding by the court that, upon the issues made by the pleadings the plaintiffs were not entitled to the relief prayed for. That such a decree, unless reversed on appeal, is final, there is no doubt."

The records in the present action reveal that a jury was drawn and sworn, the pleadings read to the jury, the judge, clerk and reporter, with the plaintiffs and defendants and their respective counsel, thereupon retired to the court chambers, where discussion of a stipulation of counsel was had regarding the facts in the case; arguments and references were submitted by counsel for plaintiff and for defendants; and thereafter the order and judgment complained of by defendants was entered by the court.

This stipulation of the facts, when read in connection with the pleadings in this action, particularly the complaint to quiet title and the plea in bar of the plaintiffs, as well as the answer of the defendants, is conclusive that, prior to the time Julius Wetzler as plaintiff, and present in court with his three counsel, voluntarily dismissed his complaint in foreclosure in cause No. 540, he had disposed of all the real property involved in this action, some to his son, defendant Sidney Wetzler, and some to the defendant J. W. Mow; that he had mortgaged the so-called Santa Fe land to one Lowenstein, and a few days prior to the dismissal of such action Lowenstein, at the direction of Julius Wetzler, deeded same to Sidney Wetzler; that Julius Wetzler bought in all the cattle at sheriff's sale, in case No. 540, subject to War Finance Corporation mortgage of $28,000, and has never returned them to plaintiffs herein nor offered

to return, or account for the proceeds of such sale; that the mortgage sought to be foreclosed in the cross-complaint is the same mortgage as in action 540, voluntarily dismissed by the plaintiff; that the parties in both suits are the same, or privy in title; that the defendant and cross-complainant, in voluntarily dismissing his action without qualifying words, intended to rely upon the title he had under the sheriff's deed in the judgment of foreclosure set aside by this court. If there is any doubt about this matter, it is conclusively settled by the answer of the defendants in this action wherein they expressly allege they are the owners in fee simple of the lands involved in this action under and by virtue of said sheriff's sale.

The defendants having stipulated that a fee-simple title to the real estate involved in this action is and at all times has been in the plaintiffs, it is not necessary to consider the fifth and sixth assignments of error of the defendants and cross-complainant.

It is obvious from the stipulation of the facts and the pleadings in this action that the voluntary dismissal by Julius Wetzler, through his attorneys in cause No. 540 of his complaint in foreclosure, was not because of any defect in the pleadings, want of jurisdiction, or because of any adequate remedy at law, or because he had brought many ill-advised actions, or upon any other ground than that he thought he had all the property described in the foreclosure action, or, having disposed of it to others, could not maintain his action under his mortgage.

We are satisfied that under this record the voluntary dismissal of plaintiffs' complaint in case No. 540 and the judgment of dismissal thereon by the superior court of Apache county of said cause was a bar to the litigation set forth in the cross-complaint of Julius Wetzler, cross-complainant and appellant in the present action.

The order of the trial court sustaining the plea in bar of the plaintiffs herein to the cross-complaint of said Julius Wetzler, cross-complainant, and the judgment of the court quieting title in the plaintiffs and against the defendants to the lands described in plaintiffs' complaint, is affirmed.

McALISTER, Acting C. J., and ROSS, J., concur.

The Honorable ALFRED C. LOCKWOOD having been disqualified, the Honorable THOMAS J. PRESCOTT, Judge of the superior court of Maricopa county, was called to sit in his stead.