[Civ. No. 7992. First Appellate District, Division Two.—January 21, 1932.]

FRED V. GORDON, Receiver, etc. (M. E. BRYANT, Receiver, Substituted), Appellant, v. HILDA FOOTE, Respondent.

Henry W. Nisbet and Will R. King for Appellant.

Andrew J. Copp, Jr., for Respondent.

SPENCE, J.—This action was brought by the receiver for the insolvent lessors under a twenty-year lease to recover unpaid rents from the lessee. The cause was tried by the court sitting without a jury and a judgment for costs was entered in favor of the defendant. Plaintiff made a motion under section 663 and section 663a of the Code of Civil Procedure for the setting aside and vacating of the judgment and for the entry of another and different judgment in his favor. The motion was denied and plaintiff appeals upon a bill of exceptions from the order denying the motion.

The findings of fact and conclusions of law cover 53 pages of the printed transcript, but a brief statement of

the essential facts will suffice. We will hereinafter refer to the insolvent lessors under the twenty-year lease as the "lessors".

The lessors held under a ninety-nine year lease with the owner of the property. They together with the owner had previously executed a deed of trust on the property in favor of a trustee to secure a bonded indebtedness of $240,000 and the lessors had agreed with the owner to pay all installments of principal and interest on said bonded indebtedness. It was further agreed that in case of their default in any of said payments the owner would be entitled to declare the ninety-nine year lease terminated. This deed of trust was executed and recorded prior to the execution of the twenty-year lease hereinafter referred to. In 1923 said lessors entered into a twenty-year lease with defendant and her husband covering the portion of the premises used for hotel purposes. This is the lease involved in the present action. Prior to the commencement of this action the named defendant had succeeded to all of the rights of her deceased husband under the lease. By the terms of said lease, the lessees agreed to pay a monthly rental of $2,640 commencing January 1, 1924, and to deposit $15,000 with the lessors "as a guarantee of the payment of rental under the lease". The lease provided that the lessors should retain this sum during the first thirty months of the lease, paying interest thereon to the lessees quarterly at the rate of four per cent per annum and that commencing with the thirty-first month, in the event that the lessees had executed a chattel mortgage on the furnishings of the hotel, the lessors should return said deposit over a period of months by paying $357 per month to the lessees or by permitting the lessees to deduct this latter sum from the monthly rental. The twenty-year lease was made subject to "all the clauses and conditions contained in the ninety-nine year ground lease between the lessors of this hotel building and the owner of the ground itself". All rental under the twenty-year lease was paid by the lessees up to June 1, 1926. Prior to that time and about April 1, 1926, both the lessors and the owners of the premises became and thereafter remained insolvent. The lessors defaulted in the payment of taxes for the fiscal year 1925–1926, defaulted in the payment due on the principal under the deed of trust on December 1, 1925, and

defaulted on all payments of rental due under the ninety-nine year lease after April 1, 1926. About April 1, 1926, said lessors repudiated and abandoned all of their obligations and rights in connection with the premises. In June, 1926, the owner pursuant to the right conferred by the terms of the ninety-nine year lease, served notice upon the lessors of the termination of said ninety-nine year lease by reason of said defaults. Said lessors thereafter informed the defendant lessee of the receipt of said notice and advised her that they had acquiesced in and consented to such termination and that in consequence her twenty-year lease was likewise terminated. Defendant vacated the premises on November 8, 1926, and property was subsequently sold to a third party on foreclosure of the deed of trust in May, 1927.

The trial court made findings covering the foregoing facts and further found that the defendant had failed to pay the rental from June 1, 1926, to November 8, 1926, totaling the sum of $13,904, but concluded that defendant was entitled to offset the $15,000 paid to the lessors as security for the rent under the lease. Judgment for costs was entered accordingly in favor of the defendant. Neither upon the motion to vacate the judgment nor upon this appeal has plaintiff contended that any greater sum was due as rental than that found due by the trial court. The motion was made solely upon the ground that judgment should have been entered in favor of plaintiff for the amount due as rental without any offset and the question of the priority of the offset is the sole question raised on this appeal.

In substance appellant's contentions are that respondent was not entitled to said offset as under the terms of the lease the deposit was not returnable until the thirty-first month and then only at the rate of $357 per month and upon condition that respondent execute a chattel mortgage on the furnishings. We find no merit in these contentions. Respondent by her counterclaim was not seeking the return of the deposit under the terms of an existing lease. She was merely seeking in this action brought for unpaid rental by the receiver for the insolvent lessors to offset the amount of the deposit after the insolvent lessors had repudiated and abandoned the lease and by their defaults had permitted all of their estate in the property

to be wiped out by the termination of the ninety-nine year lease and the foreclosure of the deed of trust. The propriety of allowing the offset is at once apparent and in view of the fact that the lessor had become insolvent it is immaterial that under the terms of the lease the return of the deposit was not yet due. In *City Investment Co.* v. *Pringle,* 73 Cal. App. 782 [239 Pac. 302], the court reviewed the authorities relating to set-offs against insolvent debtors and there said at page 791, " . . . insolvency itself is a sufficient ground for the application of equitable setoff, and the fact that the indebtedness on one side is not due when setoff is claimed constitutes no obstacle to the assertion of the right as against an insolvent debtor".

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.