NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CAMMIE L. MARCEAUX, *Plaintiff/Appellant*,

*v.*

TIFFANY & BOSCO, P.A., et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0600
FILED 6-25-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-000496
The Honorable Roger E. Brodman, Judge

**AFFIRMED**

COUNSEL

Cammie L. Marceaux, Fred, TX
*Plaintiff/Appellant*

Tiffany & Bosco, PA, Phoenix, AZ
By Leonard J. McDonald, Jr, Michael F. Bosco
*Counsel for Appellee Tiffany & Bosco, PA*

Fidelity National Law Group, Phoenix, AZ
By Jamey A. Thompson, Brian J. Cosper
*Counsel for Defendants/Appellees Fidelity National Title Agency Inc., Lawyers Title Agency*

Snell & Wilmer, LLP, Phoenix, AZ
By Andrew M. Jacobs, Daniel J. Inglese
*Counsel for Defendants/Appellees Wells Fargo Bank, NA and U.S. Bank National Association*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        Cammie L. Marceaux appeals the superior court's order dismissing her lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank National Association ("U.S. Bank"), Tiffany & Bosco, P.A., Fidelity National Title Agency, Inc. ("Fidelity") and Lawyers Title Agency ("Lawyers Title").[1]  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        Marceaux bought a home in 2006 and financed the purchase with a loan.  She secured the debt by giving a deed of trust on the home.  Wells Fargo became the servicer on the loan.  In 2017, the deed of trust was assigned to U.S. Bank, who became the beneficiary.

**¶3**        Marceaux tried selling the home in 2017 but discovered a cloud on her title and the sale fell through.  Marceaux defaulted on her loan payments.  She filed a claim with her title insurer, Fidelity, alleging that her title was defective.  Fidelity covered the claim, concluding that a previous owner still held title because earlier deeds had not been recorded.  Fidelity procured and recorded a quitclaim deed for Marceaux and settled her claim.

**¶4**        Marceaux sued various defendants in a July 2017 lawsuit, including Fidelity, Wells Fargo and U.S. Bank, alleging fraud and quiet title

---

[1]        Wells Fargo Bank, N.A. is the successor by merger with Wells Fargo Home Mortgage, Inc.

and claiming her title was still clouded ("first lawsuit").[2] Wells Fargo initiated a trustee's sale on the home because Marceaux remained in default on her loan payments. Wells Fargo appointed Leonard McDonald of Tiffany & Bosco as trustee. Marceaux sold the home before any trustee's sale occurred. Lawyers Title was the escrow agent. The superior court granted motions to dismiss the first lawsuit with prejudice.

¶5        Marceaux appealed the dismissal of her first lawsuit and filed a second lawsuit against Wells Fargo, U.S. Bank, Fidelity, Lawyers Title and TB ("second lawsuit"), again stemming from her now-former home, again alleging fraud and claiming the defendants forced her to sell the home under duress with threats of foreclosure. During the appeal, this court affirmed the superior court's dismissal of the first lawsuit, *Marceaux v. Baker,* 1 CA-CV 18-0542, 2019 WL 5701736 (Ariz. App. Nov. 5, 2019) (mem. decision). The superior court then granted motions to dismiss the second lawsuit with leave to amend. Marceaux amended her complaint, which the court dismissed with prejudice. Marceaux appeals. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6        The superior court's ruling on a Rule 12(b)(6) motion to dismiss is reviewed de novo, *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶ 7 (2012), and the motion is granted if the complaint fails to state a claim upon which relief can be granted. The court "assume[s] the truth of all well-pleaded factual allegations and indulge[s] all reasonable inferences from those facts," *id*. at ¶ 9, but does not accept as true "allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts," *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005).

¶7        We address two preliminary issues. First, Marceaux's opening and responsive briefs contain undeveloped arguments, unsupported facts and inadequate record citations as required under Arizona Rule of Civil Appellate Procedure 13(a). Marceaux was told about this court's procedural requirements in her earlier appeal, where her briefs had similar defects. *Marceaux*, 1 CA-CV 18-0542, at *2, ¶ 8. Even so, we

---

[2]        We grant Wells Fargo and U.S. Bank's motion to take judicial notice of documents filed by Marceaux in the first lawsuit.

consider the merits of her appeal in our discretion. *See Lederman v. Phelps Dodge Corp.*, 19 Ariz. App. 107, 108 (1973).

¶8            Second, the superior court found that Marceaux had not complied with Arizona Rule of Civil Procedure 8(a) and dismissed her claims against defendants Tiffany & Bosco, Fidelity and Lawyers Title on that basis, among others. We agree that Marceaux's amended complaint is "garbled and difficult to follow," but will construe it as best we can to do justice under Rule 8(f).

## I.        Wells Fargo and U.S. Bank

¶9            The superior court dismissed Marceaux's claims against Wells Fargo and U.S. Bank on grounds of res judicata and for failure to state a claim. The doctrine of res judicata promotes finality in litigation, the prevention of harassment and judicial economy. *Circle K Corp. v. Indus. Comm'n of Ariz.*, 179 Ariz. 422, 426 (App.1993). "[Res judicata] is a question of law and is therefore reviewed de novo." *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4, 189 P.3d 1102, 1104 (App. 2008).

> Under the doctrine of res judicata, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action, not only upon facts actually litigated but also upon those points which might have been litigated.

*Id.*

¶10           Marceaux's first lawsuit alleged that Wells Fargo and U.S. Bank covered up a title defect and improperly assigned her mortgage. The superior court dismissed the first lawsuit and we affirmed. *Marceaux,* 1 CA-CV 18-0542, at *4, ¶ 22. Her second lawsuit then alleged that Wells Fargo and U.S. Bank conducted an "illegal foreclosure through fraud and forgery," again premised on the alleged improper and invalid assignment. Res judicata bars the claim. *Dressler*, 212 Ariz. at 282, ¶ 15; Ariz. R. Civ. P. 41(b) (dismissal with prejudice "operates as an adjudication on the merits"); *Cochise Hotels, Inc. v. Douglas Hotel Operating Co.*, 83 Ariz. 40, 47-48 (1957) (stating that dismissal of complaint with prejudice in previous action is res judicata on all issues raised or that could have been determined). We affirm.

**¶11**		The superior court also dismissed the lawsuit against Wells Fargo and U.S. Bank for failure to state a claim. We affirm because Arizona courts have not yet recognized a claim for wrongful foreclosure, *Zubia v. Shapiro*, 243 Ariz. 412, 417, ¶ 29 (2018), and because there was no foreclosure in this case.

## II.	Tiffany & Bosco

**¶12**		The superior court dismissed the claims against Tiffany & Bosco as trustee for failure to state a claim. Marceaux alleged that the trustee "neglectfully" "conduct[ed] an illegal foreclosure" that ultimately forced her to sell her home against her will. But Arizona law grants a trustee the "absolute right to rely upon any written direction or information furnished to him by the beneficiary." A.R.S. § 33-820(A). Marceaux defaulted on her loan. The trustee performed as the beneficiary directed. We affirm.

## III.	Fidelity and Lawyers Title

**¶13**		Marceaux's first and second lawsuit alleged that Fidelity failed to disclose title defects related to her home and committed unspecified fraud. The superior court dismissed the claims with prejudice in the first lawsuit. Res judicata applied and the claims were correctly dismissed in the second lawsuit. *Dressler*, 212 Ariz. at 282, ¶ 15. We affirm.

**¶14**		Marceaux's claims against Lawyers Title and Fidelity also fail for failure to state a claim. She alleges these defendants coerced her into selling the house. Marceaux was in default at the time, however, and a threat of foreclosure does not constitute duress unless the threat is wrongful. *See Dunbar v. Dunbar*, 102 Ariz. 352, 356 (1967). Marceaux also failed to plead the alleged fraud with particularity. Her amended complaint alleges no specific facts, only conclusory allegations. Ariz. R. Civ. P. 9(b). We affirm.

## CONCLUSION

¶**15**      We affirm the superior court's decision. We award reasonable attorney fees and costs to Tiffany & Bosco under A.R.S. § 33-807(E). We award costs on appeal to Fidelity and Lawyers Title as the prevailing parties, A.R.S. § 12-342, but decline in our discretion to sanction Marceaux for attorney fees, ARCAP 25.



AMY M. WOOD • Clerk of the Court
FILED:   AA