[Civil No. 334.   Filed January 26, 1892.]

[29 Pac. 348.]

JOHN BISHOP, Plaintiff and Appellant, v. E. B. PERRIN, Defendant and Appellee.

1. FORCIBLE ENTRY AND DETAINER—STATUTORY REMEDY.—The action of forcible entry and detainer does not exist independent of statute.

2. SAME—ISSUE INVOLVED—JURISDICTION—SUMMARY REMEDY—REV. STATS. 1887, PAR. 2016, CITED.—Statute, *supra*, provides that the only issue shall be the right of actual possession. The action may be tried by the probate judge or justice of the peace, and is summary in character.

3. SAME—APPEALS—WHEN PERMITTED—REV. STATS. 1887, PAR. 2026, CITED AND CONSTRUED.—Statute, *supra*, grants the right of appeal when the damages exceed one hundred dollars, but in no case from a judgment on the "right of actual possession." The general statute of appeals does not apply except where the appeal is specially allowed.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Coconino. Edmund W. Wells, Judge.   Dismissed.

The facts are stated in the opinion.

Herndon & Hawkins, and Norris & Ellinwood, for Appellant.

Baldwin & Johnston, for Appellee.

PER CURIAM.—The action of forcible entry and detainer is one existing by virtue of the statute solely on that subject. It does not exist independent of the statute.   Paragraph 2016

of the Revised Statutes of 1887 provides as follows: "On the trial of any case of forcible entry or of forcible detainer under the provisions of this act, the only issue shall be as to the right of actual possession, and the merits of the title shall not be inquired into." A probate judge or a justice of the peace may try an action under this statute. They cannot try any action where the title to real estate comes in question. The action is summary in its character. Paragraph 2026 provides: "After trial upon the merits the proper judgment shall be rendered upon the law and the facts, or upon the verdict of the jury, as the case may be; and the judgment of the district court, finally disposing of the cause, shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars." This, by implication, gives a right of appeal when the damages exceed one hundred dollars, but prohibits an appeal where the damages are less than one hundred dollars. The appeal is granted on account of the excess of damages over one hundred dollars, but in no case on account of the finding and judgment on the "right of actual possession," the thing to be determined by the action. The damages are the incident. Since the statute does not provide for an appeal in any case to correct any error affecting the main question occurring on the trial in the district court,—that is, the right of actual possession,—but does provide for an appeal where the damages exceed one hundred dollars, we must conclude that no appeal was intended in any other case arising under this statute. The narrow compass of the issue, and the summary manner provided for deciding it, strengthens this view. We are further of the opinion that the general statute providing for appeals does not apply to any case arising under this special statutory cause of action and proceeding, except in the one instance where the damages exceed one hundred dollars.