## Fourseam Block Collieries Co. v. John P. Gorman Coal Co. et al.

(Decided March 17, 1933.)

(As Modified on Denial of Rehearing June 23, 1933.)

C. S. LANDRUM for appellant.

C. F. KELLY and W. W. REEVES for Gorman Coal Co. and Owens.

HENRY S. McGUIRE for Gorman Sales Coal Co.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Dismissing appeal.

The Hazard Coal Corporation, which owned a large block of coal land in Perry county on September 1, 1921, leased the property to the Fourseam Block Collieries Company. The property was then undeveloped, and the latter company spent about $200,000 in equipping and developing the property. On November 15, 1921, the Fourseam Block Collieries Company let the property by contract to the John P. Gorman Coal Company, which thereafter operated it. It had trouble in selling the coal produced, and entered into a contract with the Gorman Coal Sales Company by which that company

furnished money for the operation of the mine and sold the coal. The home office of the John P. Gorman Coal Company and of the Gorman Coal Sales Company was in Lexington, Ky. On April 28, 1932, the John P. Gorman Coal Company filed its petition in the Fayette circuit court asking that a receiver be appointed for the property. No one was made defendant to this petition, but on the same day the Bryant-Hunt Company, a corporation, which was a creditor of the John P. Gorman Coal Company, filed its petition asking the same relief. The grounds stated were, briefly, that the company got out a large amount of coal which it could not sell and was heavily in debt. The creditors were pressing for their money, and, unless relief was granted, its property would be sacrificed, and the creditors would not be paid, but, if the receiver was appointed, the property, reasonably managed, would pay out and leave a surplus. Process was issued on the petition of the Bryant-Hunt Company which was served on the John P. Gorman Coal Company. The case was heard on the two petitions, and an order was entered on that day appointing J. N. Owens as receiver of the John P. Gorman Coal Company. The receiver qualified and took possession of the property. Thus things stood until May 14, 1932, when the Hazard Coal Company, a creditor, filed a written motion in the case during the same term to revoke, vacate, and set aside the order of April 28, 1932; various grounds for this relief being set out in the motion. On the same day it filed its answer, counterclaim, and cross-petition stating the facts upon which its motion to set aside the order of April 28 was based. The motion was set for hearing on May 23; process was issued and executed on May 23, on the cross-petition. The John P. Gorman Coal Company filed its reply to this answer and cross-petition on June 1. Proof was heard by the court on June 1, 1932, but no ruling was made on the pending motions. The Fourseam Block Collieries Company filed its answer, counterclaim, and cross-petition on June 25, 1932, also its amended answer on July 7, 1932, and joined in the motion relating to the order appointing a receiver. On July 25, 1932, the Gorman Coal Sales Company filed its intervening petition, setting up its contract and rights under it. The circuit court judge had been away in May; none of the pending motions had been ruled on up to July 22. On July 22, 1932, the court entered an order referring the case to a

commissioner to hear proof on the questions presented by the pleadings and to report to the court on September 24, 1932, and on July 25, as the court was about to adjourn for the term, the special commissioner was directed to hear proof, if any was offered by any of the parties, on any and all motions pending in the action and report thereon to the court on September 24.

In this condition of the record the appeal before us was prayed in this court by the Fourseam Block Collieries Company on August 30, 1932, from the order of April 28, 1932, appointing the receiver, also from the order of July 22, 1932, referring the case to the commissioner to report on September 24.

By section 298 of the Civil Code of Practice the order appointing a receiver "shall be deemed a final order for the purpose of an appeal to the Court of Appeals." It is not therefore a final order for other purposes and may be modified or set aside by the circuit court at any time during the progress of the action, just as any other orders which are not final judgments. The circuit court therefore had power to set aside the order, though sixty days had elapsed after it was entered.

It will thus be seen that this appeal is prosecuted from the original order appointing the receiver made on April 28, 1932. At that time there were motions to set aside that order legally made pending and undetermined in the trial court. This appeal from the original order seeks to obtain the same relief from this court that those motions so legally made and pending seek to obtain from the trial court. Both procedures are bottomed on the theory that the court erroneously appointed the receiver; and the pending motions in the trial court are for the accomplishment of the same purpose as is sought by this appeal, resulting in the employment of two distinct methods simultaneously prosecuted to reach the same end. It is true that an appeal lies from an order appointing a receiver, but it is likewise true that a disappointed litigant may obtain relief against the appointing order by a motion duly entered in the court making the order. Such a procedure was employed in this case, and had the effect to suspend the right of appeal until the motions made in the trial court were acted on, or were withdrawn. The situation is analogous to the prosecution of an appeal in an equity case, before

a motion properly made to set aside the judgment has been acted on. We therefore conclude, without expressing any views on the merits of the appointment, that this appeal is prematurely prosecuted because taken while a motion duly made to accomplish the same purpose was pending and undetermined and which had the effect to suspend the right of appeal until a determination thereof was made or the motions withdrawn.

The court by its order of July 22, 1932, determined none of the matters involved in the pending motions, but simply referred the case to the commissioner to take proof. No order having been entered determining appellant's claim to certain property or its motion for the receiver to turn over certain property to it, no appeal lies to this court from the order of July 22.

Wherefore, for the reasons stated, the order heretofore made overruling appellee's motion to dismiss the appeal is set aside, and it is now sustained, and the appeal is dismissed, but without prejudice to the prosecution of another appeal when the motions pending below are withdrawn or determined.