[Civil No. 4292.   Filed January 20, 1941.]

[109 Pac. (2d) 613.]

A. W. SNYDER and FLORENCE E. SNYDER, His Wife, Appellants, v. J. P. BETSCH and BESSIE BETSCH, His Wife, Appellees.

Mr. M. C. Burk, for Appellants.

Mr. M. L. Ollerton, for Appellees.

ROSS, J.—J. P. Betsch and Bessie Betsch, his wife, brought this action against A. W. Snyder and Florence E. Snyder, his wife, to recover the possession of the west 190 feet of the north 660.2 feet of the NE¼ of SW¼, and the west 190 feet of the south 33 feet of the SE¼ of the NW¼ of Section 28, Township 1 North, Range 3 East, Gila and Salt River Base and Meridian, Maricopa county, Arizona.

The defendants moved for judgment upon the ground that the complaint failed to state a claim upon which relief could be granted. This motion was denied, whereupon defendants filed their answer and plaintiffs raised the question of its sufficiency to state any de-

fense to their complaint by moving for judgment on the pleadings, which motion was granted and judgment entered in favor of plaintiffs.

Defendants have appealed and contend it was error for the court to deny their motion and to grant plaintiffs' motion for judgment. We first observe that the parties followed the new Rules of Civil Procedure by employing motions instead of demurrers to test each other's pleadings. Secs. 21–429 and 21–431, Arizona Code 1939.

The defendants' motion questioned the sufficiency of the complaint to state a cause of action and, of course, admitted all the material allegations therein. The plaintiffs' motion for judgment on the pleadings required the court to take into consideration the allegations of both the complaint and the answer and to determine therefrom whether the movant was entitled to judgment against his adversary. In determining that question the court necessarily assumed the truth of the material allegations of both pleadings. 49 C. J. 669, sec. 946.

The first question for decision is whether the complaint states a claim entitling plaintiffs to relief. It alleged, in substance, that plaintiffs were, at all times therein mentioned, the owners in fee simple of the described property; that on January 21, 1938, plaintiffs agreed in writing to sell, and defendants to buy, the same for a total purchase price of $1,250, to be paid as follows:

"$50.00 on February 15th, 1938, and $25.00 on the 15th day of each month following until the sum of $300 has been paid; then

"$20.00 each month until the full amount of the purchase price together with interest at the rate of eight per cent per annum had been paid."

It is alleged that the contract contained a provision to the effect that a failure on the part of the defend-

ants to comply with its terms would work a forfeiture of their right and release plaintiffs from all obligation to convey the property. The complaint then states that at the time of its filing, on January 9, 1940, defendants had paid on the purchase price only $375, and that they were in default in payments more than one hundred and twenty days; that plaintiffs elected, on December 19th, to declare a forfeiture and notified defendants thereof and demanded that they vacate said property on or before December 31, 1939. The prayer is for possession and rent from January 1, 1940.

This is a possessory action and may be maintained by any person having a valid subsisting interest in real property, and a right to its immediate possession. Sec. 27–1501. It is true that section 27–1503 provides what the complaint in this kind of action shall contain, but that being procedural is superseded by the Rules of Civil Procedure. Section 21–408 provides:

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required. . . . "

We believe the complaint meets the requirements of the statutes and the Rules of Civil Procedure. It shows plaintiffs' interest to be the fee-simple owners of the premises; that defendants' right of possession under the contract was conditioned upon their making monthly payments as stipulated thereunder; that a failure to make such payments effected a forfeiture of all their rights and released plaintiffs from all obligation to convey the property to defendants. It shows plaintiffs elected to declare a forfeiture and notified defendants thereof before bringing this action.

While defendants' possession originally was lawful, having been taken under the terms of the contract, it became tortious and unlawful when they de-

faulted in their payments and were notified by plaintiffs to vacate. They lost their right of possession when they failed to perform the terms of their contract. In *Lewis* v. *Rouse,* 29 Ariz. 156, 240 Pac. 275, 276, we quoted and approved the language of the court in *Burnett* v. *Caldwell,* 9 Wall. 290, 19 L. Ed. 712, defining the respective rights of a. vendor and purchaser under like circumstances as here:

" 'The legal principles which must govern the determination of the case are all well settled. If the contract in such cases be silent as to possession by the vendee, he is not entitled to it (citing cases). If the contract stipulates for possession by the vendee, or the vendor puts him in possession, he holds as a licensee. The relation of landlord and tenant does not subsist between the parties. The characteristic feature of that relation is wanting. The vendee pays nothing for the enjoyment of the property. The case comes within the category of a license (citing cases). In such cases the vendee cannot dispute the title of the vendor any more than the lessee can question the title of his lessor (citing cases). The assignee of the vendee is as much bound by the estoppel as the vendee himself (citing cases). Upon default in payment of any installment of the purchase money, the possession becomes tortious, and the vendor may at once bring ejectment.' "

■ It is contended by defendants that plaintiffs should have copied into their complaint the contract *in haec verba,* or stated its contents in substance. We think this is the general rule, but "unless they materially alter or qualify the provisions alleged to have been breached, parts of the contract sued on which are not essential to the cause of action need not be set forth either literally or substantially." 17 C. J. S., Contracts, 1162, sec. 535. Defendants do not suggest or point out any provision of the contract that would relieve them from their default in making payments. The court's order overruling defendants' motion for judgment, we think, was correct.

The next question is as to whether the plaintiffs' motion for judgment on the pleadings should have been granted. The defendants admit in their answer that they took possession of the premises under the contract and that they had failed to make the monthly payments as therein stipulated. They allege as a reason therefor that, after taking possession of the premises, they discovered the plaintiffs were not the owners nor entitled to the possession of the west 33 feet of said premises, the same being owned by and in the possession of other persons; that plaintiffs had failed and refused to put defendants in possession of such 33 feet and were and are unable to perform as to such parcel. They allege as another reason for not making monthly payments when due that the contract provided that plaintiffs should pay all taxes and water up to January 1, 1938; that they had failed and refused to do so and, by reason thereof, defendants had been denied the use of water for irrigation, seriously injuring them. Defendants state they are, and have been, ready and willing to perform their part of the contract if and when plaintiffs perform their part. They ask the court to enjoin the plaintiffs from interfering in any way with their possession, to enjoin the cancellation of the contract, and that they be left in the possession of the premises until the plaintiffs perform their contract.

The excuse for not returning possession of the premises to plaintiffs, after default in payments and demand, does not constitute a defense to this action. The part failure of consideration, in delivering possession to defendants of less land than contracted to be delivered, certainly would have relieved defendants from all obligation under the contract and entitled them to recover all payments made on the purchase price and any damages suffered thereby. Likewise,

the failure by plaintiffs to pay taxes and water charges that had accrued would have entitled defendants to any damages they may have suffered by reason of such failure, but would not excuse them from surrendering possession to plaintiffs after failing to make payments as agreed.

The fact that the plaintiffs did not have title to the west 33 feet of the premises at the time they contracted to sell it to defendants is no defense to this action, as they may have obtained the title before it became their duty under the contract to convey to defendants. That is all that is necessary. *Steward* v. *Sirrine,* 34 Ariz. 49, 267 Pac. 598. We think defendants have misconceived their remedy.

In *Hincksman* v. *Delacour,* 47 Cal. App. 416, 190 Pac. 832, 833, a somewhat similar defense was made and the court said:

"Appellants urged that the judgment of the trial court, restoring plaintiff to the possession of the land, without decreeing the return of the purchase price to the defendants, was erroneous. There is no merit in this contention. As before stated, the defendants received possession of the land from the plaintiff under the contract, and can retain possession only by fulfilling their covenants which they therein made. It was not necessary for the purposes of this case, an action in ejectment, to determine whether or not the respondent had a good and sufficient title, or whether or not defendants had been led to enter into the contract by false representations. If they desired to retain the possession acquired under the contract, they should have complied with their part of it. If they concluded not to comply, because the title was not satisfactory to them, or for any other reason, they were bound to restore possession to the plaintiff. Whatever cause of action they may have for the purchase money which they paid and for money expended in the preservation and maintenance of the property is another matter. It constitutes no defense to the present action. Either they must pay the pur-

chase price, according to the contract, and receive such title as the vendor is able to give, if they choose to retain possession of the land, or they may rescind the contract, restore the possession to the vendor, and recover the purchase money paid, together with the other expenditures, after deducting therefrom the fair rental value of the premises. Having refused to adopt either course, they are liable to an action of ejectment by the vendor. *Haile* v. *Smith,* 128 Cal. 415, 419, 60 Pac. 1032. The law required them to surrender possession of the property or prove an eviction therefrom, before permitting the defense of failure of consideration, or a suit to recover the purchase price, or damages. . . . "

It may be that under the Rules of Civil Procedure if defendants had counterclaimed, as provided in section 21–437, they would have been in a position to secure in this action an adjudication of their rights. *Nevada Land & Inv. Corp.* v. *Sistrunk,* 220 Cal. 174, 30 Pac. (2d) 389. We merely suggest this without expressing any opinion, since it is not involved. Nor do we think we could treat the answer as a counterclaim since it is very evident that it was not intended as such by the pleader.

The judgment of the trial court will have to be affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.