[Civil No. 4488. Filed November 2, 1942.]

[130 Pac. (2d) 510.]

A. W. SNYDER and FLORENCE E. SNYDER, His Wife, Appellants, v. J. P. BETSCH and BESSIE BETSCH, His Wife, Appellees.

Mr. M. C. Burk, for Appellants.

Mr. Milton L. Ollerton, for Appellees.

LOCKWOOD, C. J.—A. W. Snyder and Florence E. Snyder, his wife, plaintiffs, brought suit against J. P. Betsch and Bessie Betsch, his wife, defendants, seeking damages in the sum of $1,525 on account of various matters set up in their complaint. Defendants moved to dismiss the complaint on the ground that the matters set up therein either have been or should have been fully adjudicated in another case already determined between the same parties. The court granted the motion to dismiss and plaintiffs have appealed.

The facts necessary for a determination of the appeal appear in the present case and in the previous case in this court. *Snyder* v. *Betsch,* 56 Ariz. 508, 109 Pac. (2d) 613, 615. We shall refer to the parties as plaintiffs and defendants, respectively, according to their character in the present and not the previous suit.

On January 21, 1938, defendants agreed in writing to sell and plaintiffs to buy certain property described in the contract of purchase and sale. The purchase price was to be paid in installments. Plaintiffs went into possession of the property, and shortly after January 1, 1940, defendants brought suit to recover possession thereof, alleging that the contract provided that a failure of plaintiffs to comply with its terms would work a forfeiture of their rights and release defendants from any obligation to convey the property. There was a further allegation of default and demand for possession. The answer admitted the possession of the premises and a failure to make the payments, but set up as a defense a partial lack of title on the part of the vendors, and various items of damages.

It further stated that the vendees were willing to perform their part of the contract when the vendors performed theirs. The case came to us on appeal, and we stated in the case cited as follows:

"This is a possessory action and may be maintained by any person having a valid subsisting interest in real property, and a right to its immediate possession. Section 27–1501. It is true that Section 27–1503 provides what the complaint in this kind of action shall contain, *but that being procedural is superseded by the Rules of Civil Procedure.* Section 21–408 provides: '(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required. . . .'

"We believe the complaint meets the requirements of the statutes and the Rules of Civil Procedure. . . ." (Italics ours.)

and held that the answers stated no defense to the complaint. We continued with this language:

"It may be that under the Rules of Civil Procedure if defendants had counterclaimed, as provided in Section 21–437, they would have been in a position to secure in this action an adjudication of their rights. [Citing case.] We merely suggest this without expressing any opinion since it is not involved. Nor do we think we could treat the answer as a counterclaim since it is very evident that it was not intended as such by the pleader."

Plaintiffs herein thereupon filed the present action, setting up at great length in their complaint the substance of the defense which we held was not good in the case cited. Anticipating, evidently, that it would be contended, as it was, by defendants herein that they were precluded from bringing this action on account of the previous one, they prayed the court as follows:

"1. That an Order may be entered herein under Rule 60, sub-division B, relieving the Plaintiffs herein from the obligation of filing the counterclaim in action No. 48280, or from any penalty by reason of not having

filed such counterclaim and that he be permitted to proceed in this separate action to determine his rights in the same manner as though Rule 13-A did not apply in this said cause, and to hold that the same did not apply by reason of the excusable neglect, inadvertence and surprise due to the fact that the Rules had just become effective and that no construction had been had thereon, and that the former rulings of the Courts had been directly opposite.'',

and then followed with the usual prayer for damages.

There are two questions before us on this appeal. First, did the rules of court, effective January 1, 1940, and particularly section 21–437, Arizona Code 1939, which reads as follows:

"*Compulsory counterclaims.*—A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court can not acquire jurisdiction.''

apply to the previous action, so that a failure to file the present action as a counterclaim therein barred the bringing of this action.

Second, in case it did do so, are plaintiffs entitled to be relieved from the effect of section 21–437, *supra,* under section 21–1502, Arizona Code 1939, which is in the following language:

"*Mistake—Inadvertence—Surprise—Excusable neglect.*—On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six (6) months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its opera-

tion. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one (1) year a judgment obtained against a defendant not actually personally notified."

on the ground that because the new rules had just recently gone into effect they were not aware that, as a matter of law, it was applicable to the present situation.

■ Plaintiffs' contention on the first question is that general statutes are usually held not to abrogate previously existing special statutes, and that, therefore, the general rules of procedure adopted by this court did not abrogate any procedural provision of special actions, such as admittedly the previous case was. The previous action was based upon article 15, Arizona Code 1939. *Snyder* v. *Betsch, supra.*

This is undoubtedly a special action, and section 27–1501 of article 15, *supra,* expressly provides:

*"Possessory action—Counterclaim.*— ... The action shall be commenced and prosecuted as other civil actions, but there shall be no counterclaim therein except of like proceedings, as herein provided."

If article 15, *supra,* which was not found in the new rules, but was brought forward from the code of 1928 into the compilation of 1939, governed the previous action in all respects, then plaintiffs herein were justified in not raising the present cause of action as a counterclaim therein. But section 21–437, *supra,* certainly is in conflict with the portion of section 27–1501 just quoted, and being of a later date was held by the trial court to supersede the former provision. We think the question of whether it does was, in effect, determined in *Snyder* v. *Betsch, supra.* We stated specifically that section 27–1503, which is a procedural part of article 15, *supra,* was superseded by the new rules of civil procedure. If one procedural provision

of article 15, *supra,* was superseded by the new rules, we think it necessarily follows that all procedural provisions of that article in conflict with those rules were likewise superseded. We also indicated in *Snyder* v. *Betsch, supra,* although since it was not necessary to that case, we did not expressly decide, that the plaintiffs herein should have set up the matters contained in their present action as a counterclaim, but stated very emphatically that they did not do so.

We think that since the matters which plaintiffs herein set up in their complaint are matters which could and should have been litigated as a counterclaim in *Snyder* v. *Betsch, supra,* the trial court properly sustained the motion to dismiss the action on the ground of *res adjudicata.*

So far as the second point is concerned, section 21–437, *supra,* was admittedly in effect on January 1, 1940, ten days before the previous action was filed. The law authorizing the supreme court to adopt rules of procedure, chapter 8, session laws of 1939, expressly provided that the rules should not take effect until sixty days after their distribution. This was undoubtedly intended by the legislature to cover the very principle for which plaintiffs contend, viz.: opportunity for the bar to familiarize themselves with the rules. The rules were actually distributed during the month of August, 1939, giving a period for study of twice that required by the legislature. Further, section 21–1502, *supra,* shows on its face that it does not apply to situations like the present one.

We think we would not be justified in adopting the very dangerous precedent of setting aside a rule of procedure for the benefit of one party to the injury of another after judgment, under the circumstances appearing in this case.

The judgment of the superior court is affirmed.

McALISTER and ROSS, JJ., concur.