**174 P.2d 749**

**HINTON et al. v. HOTCHKISS et al.**

No. 4879.

Supreme Court of Arizona.

Nov. 25, 1946.

F. L. Zimmerman, of Phoenix, for appellants.

Snell, Strouss & Wilmer, of Phoenix, for appellees.

LA PRADE, Judge.

This proceeding is being disposed of on appellees' motion to dismiss the appeal. The record shows that this action was instituted by appellees, plaintiffs below, to recover possession of certain real property in Maricopa County, Arizona, pursuant to the

provisions of the statutes relating to forcible entry and detainer and actions for rent. Art. 12, Ch. 27, A.C.A.1939. Defendants filed an answer and cross-complaint; plaintiffs thereupon moved to strike the cross-complaint upon the ground that a cross-complaint could not be properly interposed in an action of unlawful detainer. Plaintiffs also moved for judgment on the pleadings. Both motions were granted. Judgment was entered finding defendants guilty of unlawful detainer and decreeing that plaintiffs were entitled to possession, and defendants appeal.

Plaintiffs in their complaint alleged that they had leased the premises for a period of five years at a monthly rental of $125; and that, in connection with the lease agreement, they had also sold to defendants the restaurant business and equipment located on the premises together with an "on-sale" beer license and an "off-sale" package liquor license. They also alleged that the liquor licenses were to be transferred to the purchasers; that these licenses were to be re-transferred at the expiration of the five-year term of the lease upon payment of a stipulated sum; that the purchase price was to be $6,000 cash; that defendants paid only $4,000 cash; that defendants had failed to pay the balance of the purchase price; that they had neglected and refused to pay two months rent; and, that defendants had closed and abandoned the premises and had subjected the liquor licenses to cancellation. The prayer of the complaint was that defendants be alleged guilty of forcible detainer. The statutory form of summons for forcible detainer was issued.

Defendants in their answer denied each and every allegation set forth in plaintiffs' complaint. They further defended upon the ground that the value of the stock of goods had been misrepresented; that plaintiffs had demanded that they execute a new and different agreement relating to the re-transfer of the liquor licenses; that plaintiffs had fraudulently represented the character, value, and condition of the fixtures; that they had offered to rescind the sale; and, had tendered possession and demanded a refund of their purchase money and the rent theretofore paid.

By cross-complaint, defendants set up the foregoing matters contained in their answer, and alleged that the representations made to them with reference to the amount of business done, value of inventories, condition of premises, etc. were false and fraudulent and made for the purpose of deceiving them, and that they in fact had been deceived thereby. In their prayer for damages they asked that they be made whole; that the agreement and lease be cancelled; and for $2,000 damages.

The notice of appeal was "from the judgment rendered in said court * * * and from the whole thereof; and from that certain order made and entered in the above entitled cause * * * 'granting plaintiffs' motion to strike defendants' cross-claim and granting plaintiffs' motion

for judgment on the pleadings and order for judgment in favor of the plaintiff.'"

Appellants' one assignment of error reads as follows:

"The trial court had no legal right to strike the cross-complaint or to render any judgment without due consideration of the answer and cross-complaint and without a trial thereon on the merits, therefore the judgment as rendered and the proceedings had are void and should be set aside."

The following proposition of law was offered in support of the assignment:

· "In an action for possession of property, under Section 27-1501, R.C.A.1939, an affirmative plea and counterclaim arising out of the transaction or occurrence of the subject matter of the opposing party's claim, are maintainable; a counterclaim is compulsory and must be filed, or it is deemed waived under Section 21-437, R.C.A.1939."

It is to be noted that the appeal was from the judgment rendered and also from the order granting the motion to strike the cross-claim and from the order granting plaintiff's motion for judgment on the pleading. The assignment of error complains of the order granting the motion to strike the cross-claim, and assigns as error the rendering of "any judgment without due consideration of the answer." Appellants in their proposition of law did not comply with the rules of this court in that they failed to make a succinct statement of any legal proposition upon which they re-

lied to sustain their assignment of error that the court had erred in rendering a judgment without giving due consideration to their answer. Counsel for appellants presented no argument except on the one proposition of law quoted above.

■ We believe that the appellees are in error in asserting that the only issue before the trial court was whether the court should have granted the motion for judgment on the pleadings after having granted the motion to dismiss the cross-claim. We think the trial court was in error in granting the motion for judgment on the pleadings in view of the recitations of the complaint put in issue by the answer. The plaintiffs claimed the right of possession by reason of the failure of the defendants to comply with the terms and provisions of the sale agreement and to pay the rent required. There was no admission that these allegations of the complaint were true; in fact, they were specifically denied and no proof was offered to substantiate these allegations. This error was harmless in view of further developments in this case on appeal.

■ Subsequent to the filing of this appeal, appellees as plaintiffs instituted a new suit in the superior court against appellants as defendants, alleging breach of the original contract, seeking damages, and for unpaid rentals. In this complaint plaintiffs alleged that they had regained possession. By answer defendants denied this al-

legation. Pending a trial on the issues thus made and while this appeal was pending, appellant Opal Hinton filed with this court a request that the appeal as to her be dismissed upon the ground that she was now of the opinion that the appeal was without merit. This request was granted and by separate order her appeal was dismissed. It also appears that defendant Opal Hinton likewise withdrew in the second suit now pending in the superior court. When she had done this, defendant Pheon Gamble filed a separate answer to the plaintiffs' complaint. In this answer she alleges that she paid $500 of the original consideration; that the entire transaction was fraudulent as set up in the first answer and cross-complaint in the original action (the one now on appeal); that she discovered the fraud; that she rescinded the contract before the effective date thereof; *and that she never went into possession.* In her prayer for relief she asked return of the $500 that she paid down and an additional $500 by way of damages.

Under this state of facts the only question now before this court is abstract. Pheon Gamble, the only party now remaining of record by reason of the withdrawal of Opal Hinton as appellant, by her separate answer to the action now pending in the superior court alleges that she promptly rescinded the transaction, never went into possession, and seeks merely to recover the $500 which she paid on the purchase price and damages. In other words this appellant now says that she never took possession of the property involved under the contract and lease; that she never had any rights in and to the property and accordingly could have no sound basis for defending the forcible detainer action. She likewise has now affirmatively sought relief in the court below in the suit now pending for whatever redress she claims she is entitled, and which is the same relief she sought to obtain by cross-complaint in the former action now on appeal here. Under these circumstances it seems plain that this appeal is moot, since there is now no party before the court interested in the matters and things sought to be set forth in the cross-complaint. Appellant Gamble has abandoned her claim of possession, and now seeks only the return of her down payment and damages. The rule applicable in such a situation is aptly set forth in 2 Am.Jur., Appeal and Error, sec. 223:

"A party, by pursuing another remedy, may waive his right to appeal or sue out a writ of error. Thus, a party cannot prosecute an appeal from a judgment at law, and at the same time prosecute a petition in chancery to enjoin the collection of the judgment. The institution of such equity proceedings operates as a release of errors in the action at law. *So, also, upon the dismissal of an action at law, if the plaintiff institutes a second action upon the same cause, he thereby waives any error committed by the court in such dismissal."* (Emphasis ours)

The general rule seems to be that otherwise prosecuting a cause of action involved in an appeal waives the appeal. Intertype Corporation v. Pulver, 101 Fla. 1180, 135 So. 793; Schnurr v. Brazelton, 217 Iowa .1125, 253 N.W. 152; Fourseam Block Collieries Co. v. John P. Gorman Coal Co., 249 Ky. 710, 61 S.W.2d 28; Sansone v. American Mutual Indemnity Ass'n, Mo.App., 20 S.W.2d 293. In the case of Gibson v. Board of Supervisors of Cochise County, 20 Ariz. 222, 179 P. 640, this court recognized that where an appeal presents only an abstract question the appeal will be dismissed.

Regardless of the fact that this appeal should be dismissed without giving further attention to the proposition of law tendered with the assignment, we feel that the proposition raised is of sufficient public interest to require consideration. It is the position of appellant that in an action for forcible entry and detainer an affirmative plea and counter-claim arising out of the transaction or occurrence of the subject matter of the claim are maintainable, and that a counter-claim is compulsory and must be filed or deemed waived under the new Rules of Civil Procedure, Rule 13(a), being Section 21-437, A.C.A. 1939, which reads as follows:

"Compulsory counterclaims.—A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court can not acquire jurisdiction."

Counsel for appellant calls to our attention that this court has held that Section 27-1501, A.C.A.1939, relating to possessory actions, which in part provides that "The action shall be commenced and prosecuted as other civil actions, but there shall be no counterclaim therein except of like proceedings, as herein provided," has been superseded by Section 21-437, A.C.A.1939. In the cases of Snyder v. Betsch, 56 Ariz. 508, 109 P.2d 613 and 59 Ariz. 535, 130 P.2d 510, and Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603, we held that in actions in ejectment brought under Art. 15 of Ch. 27 all existing counter-claims must be filed or they were deemed waived if they arise out of the transaction or occurrence of the subject matter of the opposing party's claim. These were actions known at common law and enforcible by the general rules relating to pleading, practice, and procedure.

There is a wide distinction between an action in forcible entry or detainer, which is a purely statutory action, Bishop v. Perrin, 3 Ariz. 350, 29 P. 648, and an action in ejectment, which is a common-law action recognized by statutes. The rule is thus stated in 22 Am. Jur., Forcible Entry and Detainer, sections 3 and 4:

"Sec. 3. The civil remedy for the recovery of the possession of the premises, grounded on a forcible entry or detainer, is of statutory origin. The early common law conceded to a party, with title to land and right of entry, the right to use actual force to recover possession if forcible resistance was offered. * * * ·This was a remedy concurrent with the possessory actions, such as trespass, ejectment , * * *."

"Sec. 4. The privilege allowed by the ancient common law to persons disseised or turned out of possession to use violent methods to reinstate themselves was early found to be prejudicial to the public peace as tending to lawlessness. Several statutes were accordingly passed in England 'to restrain all persons from the use of violent methods, even of doing themselves justice, and much more if they had no justice in their claims.' * * *"

If appellants' position is correct, the Rules of Civil Procedure must be construed as having repealed a portion of a statutory remedy for forcible entry and detainer existing only by virtue of the statute setting up such right and remedy   The Act (Ch. 8 sec. 1, Laws 1939) authorizing the Supreme Court to promulgate rules regulating pleading, practice, and procedure contained the following limitation: "Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. * * *." Section 19-202, A.C.A.1939. If appellants' construction is tenable, then the forcible detainer statute must itself be regarded as having been amended, since the interposition of a counter-claim or cross-complaint in a forcible detainer action and a trial of such a cross-complaint, of the nature herein interposed, with the trial of the issues made by the forcible detainer pleadings is impossible without a change in the statutes affording the forcible detainer remedy. It would mean that the statutes establishing the remedy of forcible entry and detainer must be deemed amended in the following particulars.

Provisions of Section 27-1205, providing for the form of the summons, the time when the same is returnable, and that a description of the property must be included, must be regarded as amended since the Rules of Civil Procedure relating to ordinary actions are inconsistent therewith. The statute contemplates a trial upon the return day of the summons, for the provisions of Section 27-1205 are plain to the effect that the summons must be served at least two days before the return day, and the return of the summons must be made on the day assigned for trial, which would be that day, not less than three nor more than six, fixed at the time of the issuance of the summons as the return date. That this is true is shown by the provisions of Section 27-1206, requiring that if a jury demand be made by the plaintiff at the time of issuing the summons, the clerk shall thereupon issue a venire to the sheriff or constable requiring him to summon a jury of twelve men in the superior court

and six men in the justice court. The statute further provides that if the plaintiff does not request a jury and the defendant desires one the defendant is to have such right, and that if a demand is made a jury shall be called forthwith. Plainly this contemplates that the trial shall be held immediately upon return of the summons on the return day, and that a jury is to be completed forthwith if demanded. In addition, the jury is required to return a verdict of guilty or not guilty, and the statute plainly provides that a continuance may not be granted except for good cause shown by affidavit, and that the time of postponement may not exceed three days in the justice court and ten days in the superior court. The procedural provisions of the forcible detainer statute above referred to are an integral part of the right itself and are not solely procedural. To hold that the provisions relating to forcible entry and detainer have been superseded by the new rules would mean that a cross-complaint could not be presented and tried without the cross-complainant allowing the cross defendant twenty days to answer with the usual and necessary preliminary motions to settle the pleading. The new rules were propounded for the purpose of securing a just, speedy, and inexpensive determination of every action. Section 21-201 and Section 19-202, A.C.A.1939. Rule 13(a) (Section 21-437) should not be construed to permit or allow the repeal of a substantive right, the procedural remedy for which is an integral part of the right itself. To hold that the forcible entry and detainer statutes have been superseded would preclude a speedy determination of a landlord's claim to possession. He would be forced to follow the procedures of an ordinary law suit with its attendant delays. Were it not for the disturbing effect (in this type of action) of this new Rule 13(a) (Section 21-437) there would be no doubt that a cross-complaint or counterclaim could not be asserted in an action for forcible detainer. 36 C.J.S., Forcible Entry and Detainer, § 28, p. 1168.

We, therefore, hold that in an action for forcible entry and detainer no counterclaim or cross-complaint may be filed seeking affirmative relief. Any legal defense to the plaintiffs' claim of right of immediate possession is available to the defendant.

The order of the court is that the appeal shall be dismissed.

STANFORD, C. J., and MORGAN, J., concur.